# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JARED M. SMITH, #K58441, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 19-CV-260-SMY |
| | ) |
| WEXFORD HEALTH SERVICES, INC., | ) |
| PENNY GEORGE, | ) |
| LESLI KLUGE | ) |
| MR. ADAMS, | ) |
| MS. STEPHENS, | ) |
| MS. VINYARD, | ) |
| JOHN BALDWIN, | ) |
| MR. DAVID, | ) |
| DAVE WHITE, | ) |
| MATTHEW SWALLS, | ) |
| MR. SHIELDS, | ) |
| MS. BIRCH, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Jared M. Smith, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Vienna Correctional Center, brings this civil rights action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. He asserts a claim under the Eighth Amendment for denial of medical care. (Doc. 1). Plaintiff requested preliminary relief in his Complaint and filed a proposed Order to Show Cause for an Emergency Preliminary Injunction and Temporary Restraining Order. (Doc. 1, 4). Because Plaintiff seeks a temporary restraining order ("TRO"), the Court will consider this request without delay. *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680 (7th Cir. 2012).

Plaintiff seeks an order requiring Defendants to arrange for an examination, diagnosis, and treatment of his chest, back, kidney, and testicle pain at a hospital by an outside specialist. And, he requests that Defendants be restrained from interfering with medical treatment for his pain, causing him unnecessary injury or pain, harassing him, and retaliating against him.

A TRO is an order issued without notice to the party to be enjoined, and it may last no more than fourteen (14) days. *See* Fed. R. Civ. P. 65(b)(2). It may issue without notice only if "specific facts in an affidavit or a verified complaint clearly show that immediate or irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). Such injunctive relief is also warranted "to prevent a substantial risk of serious injury from ripening into actual harm." *Farmer v. Brennan*, 511 U.S. 825, 845 (1994).

Plaintiff alleges he suffers from pain in his chest, back, kidneys, and testicles of unknown cause and has been denied medical care to diagnose and treat his pain. He complains of failure to treat his pain from February to October 2018. He does not, however, describe his pain from November 2018 to present. And, he offers the Court no information about what, if any, request(s) for pain relievers have been made and/or denied. Although the Court takes complaints of pain very seriously, Plaintiff has not provided sufficient information regarding the severity, frequency, duration, or recency of pain or his attempts to obtain treatment necessary to determine whether he faces any immediate or irreparable injury, loss, or damage that warrants a TRO. Accordingly, the request for TRO is denied without prejudice.

Because Plaintiff also requests a preliminary injunction, the clerk shall be **DIRECTED** to docket the Motion for Preliminary Injunction in CM/ECF.

**Disposition**

The Clerk is **DIRECTED** to **ADD** a Motion for Preliminary Injunction as a docket entry in CM/ECF based on Plaintiff's Request for this relief in the Complaint. (Doc. 1, p. 32). However, Plaintiff did not file a separate motion in support of the request or set forth the reasons he is entitled to this relief under Rule 65(a) of the Federal Rules of Civil Procedure. If Plaintiff wishes to pursue the Motion, he must file a brief in support of the motion for preliminary injunction within thirty (30) days (on or before April 8, 2019). Failure to do so by this deadline will result in dismissal of the motion without prejudice.

**IT IS HEREBY ORDERED** that Plaintiff's request for temporary restraining order is **DENIED** and the Court **DEFERS** ruling on the request for preliminary injunction (Doc. 4) until after he complies with this Order.

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his address, and that the Court will not independently investigate his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents, and may result in a dismissal of this action for want of prosecution.

**IT IS SO ORDERED.**

**DATED: March 7, 2019**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**