IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **JARED M. SMITH**, #K58441, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 19-cv-00260-SMY |
| | ) | |
| **WEXFORD HEALTH SERVICES, INC.,** | ) | |
| **PENNY GEORGE,** | ) | |
| **LESLI KLUGE,** | ) | |
| **MR. ADAMS,** | ) | |
| **MS. STEPHENS,** | ) | |
| **MS. VINYARD,** | ) | |
| **JOHN BALDWIN,** | ) | |
| **MR. DAVID,** | ) | |
| **DAVE WHITE,** | ) | |
| **MATTHEW SWALLS,** | ) | |
| **MR. SHIELDS,** | ) | |
| **MS. BIRCH,** | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**YANDLE**, District Judge:

Plaintiff Jared M. Smith, an inmate of the Illinois Department of Corrections currently incarcerated at Vienna Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. He asserts claims under the Eighth Amendment for denial of medical care. (Doc. 1). Plaintiff seeks injunctive relief and monetary damages. *Id*.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner Complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed.

28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* Complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Along with the Complaint, Plaintiff filed a Motion for Leave to Proceed *in forma pauperis* ("IFP Motion"). (Doc. 2). Before screening the Complaint, the Court must first address Plaintiff's eligibility for IFP status. 28 U.S.C. § 1914(a).

## IFP Motion

Plaintiff seeks permission to proceed without prepaying the full $400 filing fee for this action. 28 U.S.C. § 1914(a). Under Section 1915, a federal court may permit a prisoner who is indigent to bring a "suit, action or proceeding, civil or criminal," without prepayment of fees upon presentation of an affidavit stating the prisoner's assets together with "the nature of the action . . . and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). In the case of civil actions, a prisoner's affidavit of indigence must be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . , obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). Plaintiff's IFP Motion satisfies these formal requirements. (Doc. 2, pp. 4-7).

However, Plaintiff is barred from proceeding IFP under Section 1915(g), which prohibits a prisoner from bringing a civil action or appealing a civil judgment IFP, "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g). Plaintiff "struck out" under Section 1915(g) before filing this action and is therefore subject to the "three strikes" bar. The

Public Access to Court Electronic Records ("PACER") website (www.pacer.gov) reveals that Plaintiff received strikes in the following cases: *Smith v. Roberson*, No. 17-cv-03092 (C.D. Ill. dismissed Sept. 21, 2017); *Smith v. Lieutenant Walsh*, No. 17-cv-03105 (C.D. Ill. dismissed Sept. 21, 2017); and *Smith v. City of Danville*, No. 17-cv-02323 (C.D. Ill. dismissed Jan. 5, 2018). *See Henson v. CSC Credit Servs.,* 29 F.3d 280, 284 (7th Cir. 1994) (courts can take judicial notice of public records which include court records). Because Plaintiff has "struck out" under Section 1915(g), he cannot proceed IFP unless he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g). "[I]mminent danger" within the meaning of § 1915(g) requires a "real and proximate" threat of serious physical injury to a prisoner. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002)).

In the Complaint, Plaintiff alleges he faces serious physical injury because he suffers from undiagnosed and untreated pain in his chest, back, kidneys, and testicles. (Doc. 1, pp. 15-16). He alleges a failure to diagnose and treat his pain from February to October 2018. (Doc. 1, pp. 17-23, 26-28). The Complaint does not describe pain or the denial of medical treatment subsequent to that period. The Complaint includes a request for a TRO and preliminary injunctive relief. (Doc. 1, p. 32). The Court made Plaintiff aware of these deficiencies in its Order denying the request for TRO. (Doc. 6). The Court also deferred Plaintiff's request for preliminary injunction and provided Plaintiff with an opportunity to file a brief in support of that request. *Id*.

Subsequently, Plaintiff filed a Memorandum in support of his request for preliminary relief and a second request for preliminary injunctive relief. (Docs. 9, 10). In those pleadings, he alleges that he has repeatedly complained of testicle, chest-heart, and kidney pain to Dr. David and Dr. Birch, but there has been no diagnosis or treatment and they refuse to send him to an outside

medical facility. (Doc. 9, p. 1). He further alleges that on April 9, 2019, he suffered from pain in his chest-heart that caused him to be fearful and that he currently experiences kidney, stomach, and testicle pain. (Doc. 10, pp. 1-2).

In the recent pleadings, Plaintiff alleges he is presently being denied medical care for potentially serious medical conditions. Such claims permit Plaintiff to invoke the "imminent danger" exception to the "three strikes" rule. Less clear is whether Plaintiff may also proceed on his claims regarding instances in 2018 when he was denied medical care. Obviously, "[b]y using the term "imminent," Congress indicated that it wanted to include a safety valve for the "three strikes" rule to prevent impending harms, not those harms that had already occurred." *Abdul–Akbar v. McKelvie*, 239 F.3d 307, 315 (3rd Cir. 2001). Nevertheless, as the Northern District of Illinois noted in *Bond v. Aguinaldo,* 228 F. Supp.2d 918, 919 (N.D. of Ill. Oct. 31, 2002), "the language of the exception does not state that only those defendants directly responsible for the "imminent danger of serious physical injury" may be sued in a suit allowed to proceed under the exception."

Here, Plaintiff's claims pertaining to the denial of medical care in 2018 all involve the same conditions for which he claims he is currently being denied care. Thus, to the extent that Plaintiff has stated a viable claim, he may proceed against those Defendants who are allegedly involved in presently denying him medical care and those Defendants who allegedly denied him medical care for the same conditions in 2018. If Defendants contend that the scope of this lawsuit should be limited to Plaintiff's present medical complaints, they may move the Court to dismiss claims arising in 2018 at a later date.

Accordingly, Plaintiff's IFP Motion will be **GRANTED**. The initial partial filing fee and payment scheme will be set forth in a separate order.

## The Complaint

Plaintiff makes the following allegations in his Complaint: Plaintiff suffers from pain in his kidneys, testicles, chest, and back. He has been seen by Nurse Practitioner Smith, Dr. David, Dr. Birch, Nurse Kluge, and Nurse Stephens for his extreme pain. Although they did not know what was causing his pain, they would not order a MRI or send him to a hospital or specialist.

Lt. Shields, Warden Matthew Swalls, Penny George, Ms. Vinyard, Dave White, and Director John Baldwin were made aware of Plaintiff's medical needs and how he has suffered pain without treatment but chose to do nothing to remedy the situation. Shields caused delay and denied access to doctors and treatment. Swalls denied an emergency grievance for medical treatment and concurred in the denial of another grievance filed by Plaintiff on denial of medical treatment. White reviewed grievances Plaintiff filed with the Administrative Review Board (ARB). Baldwin concurred in the ARB's denial of a grievance. George responded to a grievance about a denial of treatment for Plaintiff's back pain. Vinyard responded to two grievances regarding denial of treatment for his back pain.

On February 5, 2018, Plaintiff had chest pain and was refused medical treatment by Kluge. Later that day, he returned to the health care unit (HCU) with continued chest pain. Kluge told him she was not going to help him and waited on Lt. Shields. When Shields arrived, Kluge advised him of the medical issues and stated Plaintiff should return to housing and fill out another nurse sick call. Shields agreed and sent Plaintiff back without treatment. Later, another nurse hooked Plaintiff up to an EKG and told him the results showed there was "something wrong" with his heart. Plaintiff wrote to Birch advising her of his concerns and requesting an appointment with a cardiologist. Birch later told Plaintiff she did not receive his letter and that the health care administrator, Penny George, must have intercepted it.

5

On August 5, 2018, Plaintiff's back started hurting while he was working in dietary and he was sent to HCU. Kluge gave him twenty 200 mg ibuprofen and sent him back to work. By the next morning, he had taken all of the ibuprofen to keep the pain at a minimum. Because he still had pain, he returned to the HCU, but Kluge refused to see him and told him to fill out another nurse sick call. Plaintiff suffered excruciating pain and lost his job because of the back pain.

On August 16, 2018, Plaintiff placed a grievance marked emergency in institutional mail to Swalls. He complained of the denial of treatment by Kluge and requested to be sent to a back and spine specialist. On August 17, 2018, George responded to a grievance against Kluge for refusing to treat Plaintiff's back pain.

On September 23, 2018, Plaintiff's back tightened and locked up. The pain was overwhelming, and he could not move. He asked another inmate to get a C/O and tell him it was a medical emergency. When C/O Adams arrived, Plaintiff was in pain, tired, and needed help. However, Adams did not request help or report a serious medical need to healthcare. Instead, he waited until Plaintiff could sit in a chair and wheeled him to his cell.

Later that day, Plaintiff went to the HCU for the back pain. He walked around to keep his back from locking up while he waited to be seen. After a short time, Stephens told him to leave because she had watched him walking around and he did not have an emergency. Plaintiff tried to explain but the C/O made him shut up and he did not receive medical treatment. Vinyard responded to a grievance against Stephens for refusing to treat Plaintiff's back pain. Warden Swalls concurred in the denial of the grievance.

On October 25, 2018, Plaintiff was on nurse sick call for a question he had sent to Birch about exercises he could do since she put him on a new medication for back pain. Stephens told him she could not tell him what exercises he should or should not do. Plaintiff told her he had

medication for his swollen prostate to return because it was causing him to black out. Stephens told him she would fill out papers and get him back in for appointment. Plaintiff returned 15 days later to see Birch but did not see anyone for his swollen prostate issue.

Based on the allegations of the Complaint, the Court designates the following Counts:

Count 1: Eighth Amendment deliberate indifference claim against Smith, David, Birch, Kluge, and Stephens for failing to diagnose and treat and/or providing inadequate treatment for Plaintiff's ongoing serious medical needs (pain in kidneys, testicles, chest, and back), and against Shields, Swalls, George, Vinyard, White, and Baldwin for failing to intervene on Plaintiff's behalf despite knowing that Plaintiff was not receiving necessary medical care for his ongoing serious medical needs.

Count 2: Eighth Amendment deliberate indifference claim against Kluge and Shields for denying treatment for Plaintiff's chest pain on February 5, 2018, against George for intercepting Plaintiff's grievance pertaining to the same, and against Birch for failing to address Plaintiff's complaints about not receiving treatment and still requiring treatment, despite knowing that another nurse opined that there was "something wrong" with Plaintiff's heart.

Count 3: Eighth Amendment deliberate indifference claim against Kluge for refusing to provide treatment and/or providing inadequate treatment for Plaintiff's back pain on August 5 and/or 6, 2018, and against Swalls and George for their role in denying Plaintiff's grievance pertaining to the same.

Count 4: Eighth Amendment deliberate indifference claim against Adams and Stephens for denying treatment for Plaintiff's back pain on September 23, 2018, and against Vinyard and Swalls for their role in denying Plaintiff's grievance pertaining to the same.

Count 5: Eighth Amendment deliberate indifference claim against Stephens and Birch for an October 25, 2018 visit related to back pain and swollen prostrate and a follow- up visit.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designations do not constitute an opinion regarding their merit. Any other intended claim that has not been recognized by the Court

is considered dismissed without prejudice as inadequately pleaded under the *Twombly* pleading standard.[1]

### Preliminary Dismissals

Plaintiff asserts that Wexford Health Services, Inc. should be liable for its employees' conduct. (Doc. 1, p. 15). Wexford is a corporation that employs Defendants George, Kluge, Stephens, Vinyard, David, and Birch and provides medical care at the prison, but it cannot be held liable solely on that basis. A corporation can be held liable for deliberate indifference only if it had a policy or practice that caused the alleged violation of a constitutional right. *Woodward v. Corr. Med. Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004); *see also Jackson v. Ill. Medi-Car, Inc.,* 300 F.3d 760, 766 n.6 (7th Cir. 2002) (private corporation is treated as though it were a municipal entity in a Section 1983 action). Plaintiff makes no allegation that any individual defendant acted or failed to act as a result of an official Wexford policy. Accordingly, Wexford will be dismissed from this action without prejudice.

Plaintiff makes allegations against Nurse Practitioner Smith, but she is not identified as a Defendant in the case caption or list of Defendants. Accordingly, any claim Plaintiff intended to bring against Smith will also be dismissed without prejudice. *See Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (holding that to be properly considered a party, a defendant must be specified in the caption).

### Discussion

Prison officials impose cruel and unusual punishment in violation of the Eighth Amendment when they are deliberately indifferent to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Chatham v. Davis*, 839 F.3d 679, 684 (7th Cir. 2016). To state a

---

[1] An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

deliberate indifference claim, an inmate must show (1) he suffered from an objectively serious medical condition; and (2) defendant was deliberately indifferent to a risk of serious harm from that condition. *Petties v. Carter*, 836 F.3d 722, 727 (7th Cir. 2016). An objectively serious condition includes an ailment that significantly affects an individual's daily activities or involves chronic and substantial pain. *Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir. 1997). For purposes of this Order, Plaintiff's alleged kidney, testicle, chest, and back pain constitutes a serious medical need.

**Count 1**

Plaintiff alleges he repeatedly sought treatment for ongoing pain in his kidneys, testicles, chest, and back from David, Birch, Kluge, and Stephens and they failed to diagnose and treat his pain and refused to send him to a hospital or specialist for assessment, diagnosis, and treatment. These allegations are sufficient for Plaintiff to proceed against David, Birch, Kluge, and Stephens for exhibiting deliberate indifference to his ongoing pain.

Count 1 may also proceed against Shields, Swalls, White, Baldwin, George, and Vinyard to the extent that they "turned a blind eye" to Plaintiff's complaints about an ongoing constitutional violation. Generally, the denial or mishandling of a grievance – standing alone – is not enough to violate the United States Constitution. *See, e.g., Owens v. Evans*, 878 F.3d 559, 563 (7th Cir. 2017) ("Prison officials who simply processed or reviewed inmate grievances lack personal involvement in the conduct forming the basis of the grievance."). That said, an official may be subject to liability if he or she "knows about unconstitutional conduct and facilitates, approves, condones, or 'turn[s] a blind eye' to it." *Perez v. Fenoglio*, 792 F.3d 768, 781 (7th Cir. 2015) (citing *Vance v. Peters*, 97 F.3d 987, 992-93 (7th Cir. 1996). "An inmate's correspondence to a prison administrator may thus establish a basis for personal liability under § 1983 where that

9

correspondence provides sufficient knowledge of a constitutional deprivation." *Id.* at 781-82. "Indeed, once an official is alerted to an excessive risk to inmate safety or health through a prisoner's correspondence, "refusal or declination to exercise the authority of his or her office may reflect deliberate disregard." *Id.* at 782; *accord Arnett v. Webster*, 658 F.3d 742, 756 (7th Cir. 2011). Plaintiff's allegations are sufficient to state a viable deliberate indifference claim against these individuals at this juncture.

### Count 2

The allegations pertaining to Count 2 are sufficient to state a claim against Kluge and Shields for exhibiting deliberate indifference to Plaintiff's chest pain on February 5, 2018. Plaintiff also claims he told Birch that Kluge denied him treatment for chest pain and that another nurse subsequently conducted testing and concluded that there was "something wrong" with his heart. According to the Complaint, despite knowing that Plaintiff was suffering from a potentially serious medical condition that still required treatment, Birch took no action on his behalf. This is enough to suggest that Birch "turned a blind eye" to an ongoing constitutional violation. *See Perez* 792 F.3d at 781.

However, Count 2 will be dismissed without prejudice as to George. Plaintiff's allegations suggest that she may have mishandled a grievance. Such an allegation, standing alone, states no claim.

### Count 3

The allegations in Count 3 are sufficient for Plaintiff to proceed against Kluge for exhibiting deliberate indifference to Plaintiff's back pain on August 5 and/or 6, 2018. However, Count 3 will be dismissed without prejudice as to Swalls and George as the allegations against them relate to their role in a grievance filed after the fact complaining of the failure to give care

for back pain on one occasion. It does not appear that Plaintiff complained to them about ongoing denials of medical care for Plaintiff's back pain by Kluge. Further, according to the subject grievance, George investigated Plaintiff's complaint, determined that Plaintiff received appropriate care on this single occasion, and confirmed that Plaintiff was receiving follow-up care. (Doc. 1, p. 45).

**Count 4**

The allegations are sufficient for Plaintiff to proceed in Count 4 against Adams and Stephens for exhibiting deliberate indifference to his back pain on September 23, 2018. Count 4 will be dismissed without prejudice, however, as to Swalls and Vinyard as Plaintiff's allegations against them relate to their role in a grievance filed after the fact complaining of the failure to give care for back pain on one occasion. According to the subject grievance, Vinyard investigated Plaintiff's complaint and confirmed that Plaintiff received appropriate follow-up care on September 27, 2018 and September 30, 2018. There is no suggestion that Swalls or Vinyard exhibited deliberate indifference with regard to any alleged denial of medical care on September 23, 2018.

**Count 5**

The allegations pertaining to Count 5 do not suggest deliberate indifference by Stephens or Birch. Plaintiff saw Stephens on a nurse sick call for a question he had sent to Birch about exercises he could do since she put him on a new medication for back pain. Stephens told him she could not tell him what exercises he should or should not do. Plaintiff returned medication that he had received for his swollen prostate stating it was causing him to black out. Stephens scheduled him for a follow-up appointment. He returned 15 days later to see Birch but did not see anyone for his swollen prostate issue. Plaintiff does not allege Birch refused to see him for his swollen

prostate or that he requested treatment that was denied. Therefore, Count 5 will be dismissed without prejudice.

### Request for Preliminary Injunction

Plaintiff requested preliminary relief in his Complaint and filed a proposed Order to Show Cause for an Emergency Preliminary Injunction and Temporary Restraining Order. (Doc. 1, 4). The Court denied Plaintiff's request for a temporary restraining order (TRO) and deferred ruling on his request for preliminary injunction. (Doc. 6). A motion for preliminary injunction was added as a docket entry (Doc. 7) and Plaintiff was ordered to file a brief in support if he wished to pursue it (Doc. 6), which he has done (Doc. 9).[2]

With respect to Plaintiff's requests for injunctive relief, Warden Swalls is an appropriate official capacity defendant. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). Plaintiff seeks an order requiring Defendants to arrange for an examination, diagnosis, and treatment of his chest, back, kidney, and testicle pain at a hospital by a specialist. He also requests that Defendants be restrained from interfering with medical treatment for his pain, causing him unnecessary injury or pain, harassing him, and retaliating against him. The Court will enter a separate order setting a hearing on the Motion for Preliminary Injunction and directing Defendants to respond to the same.

### Motion for Appointment of Counsel

Civil litigants do not have a constitutional or statutory right to counsel. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007); *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995). However, under 28 U.S.C. § 1915(e)(1), the Court has discretion to recruit counsel to represent indigent litigants in appropriate cases. *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). In

---

[2] Subsequently, Plaintiff filed a second request for preliminary injunctive relief. (Doc. 10). That pleading will be considered as a supplement to his first request.

evaluating whether counsel should be appointed, the Court must examine the *Pruitt* factors and apply them to the specific circumstances of the case. *Santiago v. Walls*, 599 F.3d 749, 760 (7th Cir. 2010). The Court must ask: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?' *Id.* at 761 (quoting *Pruitt*, 503 F.3d at 654).

Plaintiff discloses no efforts to locate counsel on his own. He alleges he is on medication for mental health and the lawsuit is guaranteed to quickly become overwhelming. The Court finds Plaintiff can proceed *pro se*, at least for now. Plaintiff's pleadings demonstrate an ability to construct coherent sentences and relay information to the Court. Plaintiff appears competent to try this matter without representation at this time. Further, given the early stage of the litigation, it is difficult to accurately evaluate the need for assistance of counsel. *See Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013) ("[U]ntil the defendants respond to the complaint, the plaintiff's need for assistance of counsel . . . cannot be gauged."). Accordingly, Plaintiff's Motion for Appointment of Counsel (Doc. 3) is **DENIED** without prejudice. Plaintiff may renew his request for counsel at any time during the pending action, after first attempting to locate counsel on his own.

## Disposition

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 2) is **GRANTED**. *See* 28 U.S.C. § 1915(g). The initial partial filing fee and payment scheme will be set forth in a separate order. The Motion for Appointment of Counsel (Doc. 3) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's request for preliminary injunction is

**DEFERRED**. The Court will enter a separate order setting a hearing and responsive pleading deadline.

**IT IS HEREBY ORDERED** that Count 1 will proceed against Defendants David, Birch, Kluge, Stephens, Shields, Swalls, White, Baldwin, George, and Vinyard. Count 2 will proceed against Defendants Kluge, Shields, and Birch. Count 3 will proceed against Defendant Kluge. Count 4 will proceed against Defendants Adams and Stephens. Count 5 will be **DISMISSED** without prejudice. Defendants Wexford Health Services, Inc. and Nurse Practitioner Smith are **DISMISSED** without prejudice. The Clerk is **DIRECTED to TERMINATE** these Defendants in the Case Management/Electronic Case Filing ("CM/ECF") system.

The Clerk of Court shall prepare for Defendants Swalls (official and individual capacities), David, Birch, Kluge, Stephens, White, Baldwin, George, Vinyard, Shields, and Adams: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or

disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS FURTHER ORDERED** that this entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

**IT IS SO ORDERED.**

**DATED:  May 9, 2019**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate Defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, Defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive Defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all Defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**