# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JARED M. SMITH, #K58441, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 19-cv-00260-SMY |
| PENNY GEORGE, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

On June 19, 2019, this matter came before the Court for hearing on Plaintiff's request for preliminary injunction. Plaintiff appeared by video conference and Defendants appeared by Counsel. For the following reasons and those stated on the record, Plaintiff's request is **DENIED.**

### PROCEDURAL BACKGROUND

Plaintiff requested an Emergency Preliminary Injunction and Temporary Restraining Order (TRO) in his Complaint and in a contemporaneously filed proposed Order to Show Cause (Docs. 1, 4). The Court denied the request for TRO, deferred ruling on the request for preliminary injunction, and ordered Plaintiff to file a brief in support of his request for preliminary injunction (Doc. 6). Plaintiff filed a Motion for Preliminary Injunction (Doc. 7), a Memorandum in Support (Doc. 9), and a Supplemental Motion for Preliminary Injunction (Doc. 10).

Thereafter, the Court reviewed the Complaint pursuant to 28 U.S.C. § 1915A and entered an Order allowing claims for deliberate indifference to serious medical needs in violation of the Eighth Amendment to proceed (Doc. 11). The Court also scheduled a hearing on Plaintiff's request for a preliminary injunction and ordered the Defendants to file a response (Docs. 11, 12), which they have done (Docs. 34, 36).

In the Complaint and motions for preliminary injunction, Plaintiff alleges he suffers from pain in his heart/chest, back, kidney, and testicles and claims that Defendants Smith, David, Birch, Kluge, and Stephens failed to diagnose and treat and/or have provided inadequate treatment for his pain; that Defendants Shields, Swalls, George, Vinyard, White, and Baldwin failed to intervene on his behalf despite knowing that he was not receiving necessary medical care; and that Defendants Kluge, Shields, Adams, and Stephens denied him treatment for pain on various dates. He seeks a court order to be sent to a hospital and/or a specialist to diagnose and treat the cause of his heart/chest, back, kidney, and testicle pain. Defendants have submitted Plaintiff's medical records and maintain that Plaintiff has been and is receiving proper medical treatment.

**LEGAL STANDARD**

A preliminary injunction is an "extraordinary and drastic remedy" for which there must be a "clear showing" that a plaintiff is entitled to relief. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quoting 11A C. Wright, A. Miller, M. Kane, Federal Practice and Procedure § 2948 pp. 129-130 (2d ed. 1995)). Mandatory injunctions are "cautiously viewed and sparingly issued" because they require the court to command a defendant to take a particular action. *Id*. (citing *Jordan v. Wolke*, 593 F.2d 772, 774 (7th Cir. 1978)). Additionally, the Prison Litigation Reform Act provides that a preliminary injunction must be "narrowly drawn, extend no further than necessary to correct the harm . . . ," and "be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2).

To obtain a preliminary injunction, a plaintiff must establish: (1) a reasonable likelihood of success on the merits; (2) that no adequate remedy at law exists; and (3) that he will suffer irreparable harm absent the injunction. *Planned Parenthood v. Commissioner of Indiana State*

*Dep't Health*, 699 F.3d 962, 972 (7th Cir. 2012).

## DISCUSSION

As fully explained on the record at the June 19, 2019 hearing, the Court finds that Plaintiff is not entitled to a preliminary injunction at this time. In addition to the documentation submitted by Defendants demonstrating numerous medical visits, multiple instances of diagnostic testing, and ongoing medical care, (*See* Doc. 34-2), Plaintiff testified that he received treatment as recently as two days prior to the hearing and has been taking medication that alleviates his back pain. Based on the pleadings, exhibits, and testimony, the Court finds Plaintiff has not demonstrated that he will suffer irreparable harm without a preliminary injunction or that his action for damages would not provide him with an adequate remedy at law. Therefore, Plaintiff's motions for preliminary injunction (Docs. 1, 4, 7, 10) are **DENIED**.

**IT IS SO ORDERED.**

**DATED: July 8, 2019**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**