# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JARED M. SMITH, #K58441, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 19-cv-00260-SMY |
| vs. | ) |
| | ) |
| PENNY GEORGE, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

**YANDLE, District Judge:**

Plaintiff Jared M. Smith is currently incarcerated in the Illinois Department of Corrections at Vienna Correctional Center. This civil rights action is based on allegations that Defendants were deliberately indifferent to his serious medical needs. This case is before the Court for consideration of Plaintiff's Motion for Appointment of Counsel (Doc. 65), Motion to Renew Request for Counsel (Doc. 44), and Motion Showing Status of Efforts to Retain Legal Counsel (Doc. 40), which the Court construes as a request for appointment of counsel. For the following reasons, each motion is **DENIED**.

There is no constitutional or statutory right to counsel in federal civil cases, but the district court has discretion under Section 1915(e)(1) to recruit counsel for an indigent litigant. *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866–67 (7th Cir. 2013). When deciding whether to do so, the Court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own, and, if so, whether the difficulty of the case exceeds the particular plaintiff's capacity as a layperson to coherently present it. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

1

According to Plaintiff, he has been unable to obtain representation. In the pending motions, he identifies numerous attorneys and law firms that he has written seeking representation. It appears Plaintiff has made reasonable efforts to retain counsel on his own.

With respect to his ability to pursue this action *pro se*, Plaintiff states he needs assistance from an attorney regarding discovery (Doc. 44). He also contends as follows: imprisonment will limit his ability to litigate; the issues are complex; significant research and investigation is needed; he has limited access to the law library; he has limited knowledge of the law; the trial will involve conflicting testimony; and counsel would better present evidence and cross examine witnesses (Doc. 65). Finally, Plaintiff asserts he has been taken off some of his medication and he "does not know what the side effects will be" but he is trying to be as clear headed as possible (Doc 44).

The Court has recently entered an Initial Scheduling and Discovery Order that requires Defendants to provide certain discovery to Plaintiff. (Doc. 60). Aside from the initial disclosures required by that Order, discovery on the merits of Plaintiff's claim is stayed until the Court resolves the question of whether he has exhausted his administrative remedies within the meaning of the Prison Litigation Reform Act.

Plaintiff has not identified an impairment that would affect his ability to litigate at this stage in the proceedings. In fact, Plaintiff's pleadings to date demonstrate an ability to litigate this matter on his own behalf. He has adequately articulated the factual and legal bases for his claims, and his pleadings demonstrate an ability to construct coherent sentences and relay information to the Court. As such, Plaintiff appears competent to litigate his claim without representation at this time, and his Motion for Appointment of Counsel (Doc. 65) and Motion to Renew Request for Counsel (Doc. 44) are **DENIED**. Further, to the extent Plaintiff's Motion Showing Status of

Efforts to Retain Legal Counsel (Doc. 40) requests the appointment of counsel it is also **DENIED**.

The Court will remain open to appointment of counsel as the case progresses.

**IT IS SO ORDERED.**

**DATED: AUGUST 13, 2019**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**