IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| JARED M. SMITH, #K58441, | ) |
| --- | --- |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 19-cv-00260-SMY |
| vs. | ) |
| | ) |
| PENNY GEORGE, et al., | ) |
| | ) |
| Defendants. | ) |

# **MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

Plaintiff Jared M. Smith is currently incarcerated in the Illinois Department of Corrections at Vienna Correctional Center. This civil rights action is based on allegations that Defendants were deliberately indifferent to his serious medical needs. The case is presently before the Court on Plaintiff's Motion for Leave to File Amended Complaint (Doc. 73), Motion for Leave to Amend Information (Doc. 70), and Motion for Intervention (Doc. 45).

## **Motion for Leave to File Amended Complaint**

Following preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, Plaintiff was allowed to proceed on the following claims:

> Count 1: Eighth Amendment deliberate indifference claim against Smith, David, Birch, Kluge, and Stephens for failing to diagnose and treat and/or providing inadequate treatment for Plaintiff's ongoing serious medical needs (pain in kidneys, testicles, chest, and back), and against Shields, Swalls, George, Vinyard, White, and Baldwin for failing to intervene on Plaintiff's behalf despite knowing that Plaintiff was not receiving necessary medical care for his ongoing serious medical needs.
>
> Count 2: Eighth Amendment deliberate indifference claim against Kluge and Shields for denying treatment for Plaintiff's chest pain on February 5, 2018 and against Birch for failing to address Plaintiff's

1

| | |
|---|---|
| | complaints about not receiving treatment and still requiring treatment, despite knowing that another nurse opined that there was "something wrong" with Plaintiff's heart. |
| Count 3: | Eighth Amendment deliberate indifference claim against Kluge for refusing to provide treatment and/or providing inadequate treatment for Plaintiff's back pain on August 5 and/or 6, 2018. |
| Count 4: | Eighth Amendment deliberate indifference claim against Adams and Stephens for denying treatment for Plaintiff's back pain on September 23, 2018. |

(Doc. 11). Plaintiff has now filed a Motion for Leave to File an Amended Complaint (Doc. 73) and submitted a proposed Amended Complaint seeking to add claims and defendants.

Under Federal Rule of Civil Procedure 15(a)(1)(A), "a party may amend its pleading once as a matter of course within [] 21 days after serving it." Otherwise, Rule 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave." Here, the motion to amend was filed more than 21 days after service of the Complaint and the defendants have not consented to the filing of an amended complaint.

Rule 15(a)(2) provides that "the court should freely give leave when justice so requires." However, a district court may deny leave to amend for undue delay, bad faith, dilatory motive, prejudice, or futility. *Foman v. Davis,* 371 U.S. 178, 182 (1962); *Moore v. Indiana*, 999 F.2d 1125, 1128 (7th Cir. 1993). Additionally, the Amended Complaint is subject to review under 28 U.S.C. § 1915, which requires the Court to screen prisoner Complaints and any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). Plaintiff seeks to add a new claim against Defendant Stevens and to add claims against nine new defendants.

### *Defendant Stevens*

Plaintiff alleges Stevens was deliberately indifferent to his serious medical needs on May

21, 2019. The alleged incident occurred after this case was filed on March 4, 2019. The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires a prisoner to exhaust all available administrative remedies before filing suit under Section 1983. *Johnson v. Rivera*, 272 F.3d 519, 521 (7th Cir. 2001). Because Plaintiff could not have exhausted his administrative remedies as to that claim prior to the filing of this action, he cannot add the claim by amending the Complaint.

### *John Doe*

Plaintiff seeks to add John Doe Nurse as a defendant alleging he was deliberately indifferent to his serious medical needs on June 24, 2019. This alleged incident also occurred after this case was filed and Plaintiff could not have exhausted his administrative remedies on that claim prior to the filing of this action. Therefore, again, Plaintiff cannot add the claim via an amended complaint.

### *Wexford Health Sources, Inc.*

Plaintiff seeks to add Wexford as a defendant based on allegations that Dr. David, Dr. Birch, and John Doe violated Wexford's policies on providing medical care to prisoners. The doctrine of *respondeat superior*, however, is not applicable to claims brought pursuant to 28 U.S.C. § 1983. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). Rather, to state a viable claim against Wexford, Plaintiff must allege he was injured as a result of an unconstitutional policy or custom of the corporation. *Shields v. Illinois Dept. of Corrections*, 746 F.3d 782, 789 (7th Cir. 2014); *see also Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978). As Plaintiff has not identified a Wexford policy or custom that allegedly caused his injury, he fails to state a claim against Wexford.

### *Illinois Governor J.B. Pritzker and former Governor Bruce Rauner*

Plaintiff seeks to add claims against the current and former Governors of Illinois in their official capacities based on allegations that they were responsible for ensuring constitutionally

adequate medical care was provided to IDOC prisoners and ensuring that Wexford provided medical services that complied with constitutional requirements. Plaintiff cannot, however, maintain a claim for money damages against Governors Pritzker or Rauner in their official capacities because "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

Additionally, to the extent Plaintiff seeks to assert a claim against Governors Rauner and Pritzker in their individual capacities, he fails to state a claim against them. Section 1983 creates a cause of action based on personal liability and predicated upon fault. Therefore, to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation. *Sheik-Abdi v. McClellan*, 37 F.3d 1240, 1248 (7th Cir. 1994). There are no allegations that either Governor Pritzker or Rauner personally participated in or caused alleged violations of Plaintiff's constitutional rights. They cannot be held liable based solely on their positions absent a showing that they knew about unconstitutional conduct and facilitated it, approved it, condoned it, or turned a blind eye to it. *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001). Plaintiff does not allege that either of these individuals had knowledge of the alleged violations of Plaintiff's constitutional rights. Accordingly, the Amended Complaint fails to state a claim against them.

### *Louis Shicker*

Plaintiff seeks to add Shicker as a defendant based on his responsibilities as the IDOC Medical Director. There are no allegations that Shicker personally participated in, caused, or had knowledge of alleged violations of Plaintiff's constitutional rights. Additionally, Plaintiff cannot maintain a claim for money damages against Shicker in his official capacity. Accordingly, the Amended Complaint fails to state a claim against Shicker.

4

**Motion to Amend Information**

Plaintiff's Motion to Amend Information (Doc. 70), which seeks to amend the Complaint by interlineation to correct a date, will be granted. Plaintiff need not file a new Complaint; it will be understood by the parties that all references in the Complaint to the date September 23, 2018 are amended by interlineation to September 22, 2018.

**Motion for Intervention**

Plaintiff filed a motion for intervention on July 8, 2019, alleging he is not receiving proper medical care for chest, back, kidney, and testicle pain. (Doc. 45). The Court construed the motion as a request for preliminary injunctive relief and directed Defendants to file a response, which they have done. (Docs. 55, 56).

To obtain preliminary injunctive relief, a plaintiff must show that (1) his underlying case has a reasonable likelihood of success on the merits, (2) no adequate remedy at law exists, and (3) he will suffer irreparable harm without the injunction. *Turnell v. CentiMark Corp.*, 796 F.3d 656, 661 (7th Cir. 2015). If he shows those three factors, the court then balances the harm to each party and to the public interest from granting or denying the injunction. *Id.* at 662. The Seventh Circuit has described injunctions like the one sought here, requiring an affirmative act, as a mandatory preliminary injunction. *Graham v. Med. Mut. of Ohio*, 130 F.3d 293, 295 (7th Cir. 1997). Mandatory injunctions – those requiring affirmative acts – are "cautiously viewed and sparingly issued," because they require the court to command a defendant to take a particular action. *Graham v. Med. Mut. of Ohio*, 130 F.3d 293, 295 (7th Cir. 1997), citing *Jordan v. Wolke*, 593 F.2d 772, 774 (7th Cir. 1978)).

The allegations in the motion are the same as those made in Plaintiff's previously-filed requests for preliminary injunction, which were denied following a hearing held on June 19, 2019.

(Doc. 46). In the motion for intervention, Plaintiff states that he made the Court aware of his medical needs at the hearing on June 19, 2019 and asserts he is still not receiving proper medical care for those needs. (Doc. 45). Specifically, he alleges he went to the healthcare unit for chest pain on June 24, 2019 but did not see a doctor despite having high blood pressure and the EKG showing "no heart attack but something else bad." (Doc. 45, p. 2). Although Plaintiff does not specify the relief he seeks in the motion for intervention, he filed a reply brief in which he states he wants to be seen at a hospital, he wants to see a specialist, and he wants MRI and CT scans. (Doc. 62).

Defendants submitted copies of Plaintiff's medical records for the relevant period with their response to the motion. (Doc. 55). The medical records show that Plaintiff has been seen in the healthcare unit for complaints of pain, that pain medication has been provided for him, and that follow-up visits have been scheduled with physicians. (Doc. 55, pp. 3-4; 55-2, pp. 5-17). Thus, according to the medical records, Plaintiff's complaints are continuing to be addressed. Plaintiff has not established that he will suffer irreparable harm without a preliminary injunction or that his action for damages would not provide him with an adequate remedy at law. Accordingly, Plaintiff's Motion for Intervention (Doc. 45) is denied.

**Disposition**

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to File Amended Complaint (Doc. 73) is **DENIED**; Plaintiff's Motion to Amend Information (Doc. 70) is **GRANTED** and all references in the Complaint to the date September 23, 2018 are amended by interlineation to September 22, 2018; and Plaintiff's Motion for Intervention (Doc. 45) is **DENIED**.

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer

or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: January 21, 2020**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**