IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JARED M. SMITH, | ) |
| | ) |
|        Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 19-cv-260-SMY |
| | ) |
| PENNY GEORGE, LESLI KLUGE, | ) |
| JOHN ADAMS, TAMMY STEPHENS, | ) |
| NIGEL VINYARD, JOHN BALDWIN, | ) |
| ALFONSO DAVID, DAVE WHITE, | ) |
| MATTHEW SWALLS, BRADLEY | ) |
| SHIELDS, and KIMBERLY BIRCH, | ) |
| | ) |
|        Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is before the Court on the Report and Recommendation ("Report") of Magistrate Judge Mark A. Beatty (Doc. 113), recommending that the Court grant in part and deny in part the Motion for Summary Judgment for Failure to Exhaust Administrative Remedies filed by Defendants John Baldwin, Penny George, Leslie Kluge, John Adams, Tammy Stephens, Nigel Vinyard, Dave White, Matthew Swalls, and Bradley Shields ("IDOC Defendants") (Doc. 76) and grant the Motion for Summary Judgment for Failure to Exhaust Administrative Remedies filed by Defendants Alfonso David and Kimberly Birch ("Medical Defendants") (Doc. 78). Plaintiff filed a timely objection (Doc. 114). For the following reasons, Judge Beatty's Report is **ADOPTED in part and REJECTED in part**.

### Background

Plaintiff Jared M. Smith, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this lawsuit pursuant to 42 U.S.C. § 1983, alleging that his Eighth Amendment

rights were violated while he was incarcerated at Vienna Correctional Center. Specifically, Plaintiff claims as follows: Defendants David, Birch, Kluge and Stephens were deliberately indifferent to his ongoing serious medical needs, including kidney, testicle, chest and back pain, and Defendants Shields, Swalls, George, Vinyard, White, and Baldwin failed to intervene despite knowing that his medical needs were not being addressed (Count. I); Defendants Kluge and Shields were deliberately indifferent to his complaints of chest pain on February 5, 2018, and Defendant Birch failed to address his complaints of lack of medical care (Count II); Defendant Kluge was deliberately indifferent to his complaints of back pain on August 5 or 6, 2018 (Count III); and Defendants Adams and Stephens were deliberately indifferent in denying him medical care for back pain on September 22, 2018 (Count IV).[1]

Defendants move for summary judgment, contending Plaintiff failed to exhaust his administrative remedies or submit a grievance naming or identifying them prior to filing this lawsuit.

**Discussion**

Judge Beatty held an evidentiary hearing pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008) on May 14, 2020 and subsequently issued his Report setting forth the evidence presented by the parties, the applicable law, the requirements of the administrative process, and his conclusions. He concluded that there were seven relevant grievances – dated February 5, 2018, August 8, 2018, August 15, 2018, August 29, 2018, September 23, 2018, October 10, 2018, and November 6, 2018 – and found that all were fully exhausted with the exception of the August 8 and 15, 2018 grievances. He also concluded that these grievances only exhausted Plaintiff's claims against Defendant Kluge in Count II and against Defendants Adams and Stephens in Count IV.

---

[1] References to September 23, 2018 in the Complaint have been substituted by interlineation with September 22, 2018 (Doc. 92).

Consequently, Judge Beatty recommends that the IDOC Defendants' motion be granted in part and denied in part, that the Medical Defendants' motion be granted, and that Plaintiff's claims in Counts I and III and against George, Vinyard, Baldwin, David, White, Swalls, Shields, and Birch be dismissed without prejudice for failure to exhaust administrative remedies.

Because Plaintiff filed an objection, the undersigned must undertake a *de novo* review of the Report and Recommendation.  28 U.S.C. 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992).  *De novo* review requires the Court to "give fresh consideration to those issues to which specific objections have been made" and to make a decision "based on an independent review of the evidence and arguments without giving any presumptive weight to the magistrate judge's conclusion."  *Mendez v. Republic Bank*, 725 F.3d 651, 661 (7th Cir. 2013).  The Court "may accept, reject or modify the magistrate judge's recommended decision."  *Id*.

Plaintiff first objects to Judge Beatty's conclusion that he did not exhaust his administrative remedies against Shields, Swalls, George, Vinyard, White, and Baldwin because he did not file separate grievances against them for ignoring his medical needs.  He argues that his claims against these defendants are exhausted because it was their duty to ensure that he received appropriate medical care and that he did not know that he was required to also file grievances against them.

The Prison Litigation Reform Act requires inmates to exhaust all available administrative remedies before filing suit.  42 U.S.C. § 1997e(a).  Proper exhaustion requires that an inmate file complaints and appeals in the place, at the time, and in the manner the prison's administrative rules require.  *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002).

Each of these defendants, except Shields,[2] were involved in the grievance process and were made aware of Plaintiff's complaints of lack of medical care as a result of that involvement. Health Care Unit Administrator George responded to inquiries from Plaintiff's counselor and/or grievance officer (as they reviewed Plaintiff's grievances) regarding lack of medical treatment (Doc. 79-2, pp. 41, 58), as did Director of Nursing Vinyard (*Id*. pp. 20, 21, 27, 30, 32, 36, 37). White, on behalf of the Administrative Review Board, received and reviewed Plaintiff's grievances complaining about lack of medical care (*Id*. pp. 19, 26, 31, 38, and 57). Warden Swalls also received and reviewed Plaintiff's grievances regarding lack of medical care (*Id*. pp. 20, 27, 32, 39). However, according to the record, Director Baldwin only reviewed Plaintiff's November 6, 2018 grievance related to blackouts and liver pain – a claim that was dismissed at screening (Doc. 79-2, p. 19).

On these facts, the undersigned finds that Plaintiff's grievances served the ultimate purpose of the grievance process with respect to Defendants George, Vinyard, White, and Swalls; they were notified of a problem and had an opportunity to take corrective action. *See Jones v. Bock*, 549 U.S. 199, 219 (2007). Therefore, Plaintiff was not required to file separate and additional grievances against them in order to exhaust his claim that they failed to intervene to protect him from the lack of adequate medical care.[3]

Judge Beatty also reached the following conclusion in his Report:

> Kluge and Stephens are also named in the claim in Count 1. However, the grievances in the record against Kluge and Stephens pertain to Counts 2, 3, and 4. There is not another grievance against Kluge or Stephens that would exhaust the

---

[2] Plaintiff does not challenge Judge Beatty's conclusion that he did not file a grievance stating that Lieutenant Shields failed to provide adequate medical care.

[3] While Plaintiff states that he has the "same objections" with respect to Drs. Birch and David, he identifies no specific grievance with respect to these defendants providing inadequate medical care and he conceded at the *Pavey* hearing that he filed no such grievance.

      claim in Count 1 and, therefore, it is recommended that they be granted summary judgment on that claim.

      (Doc. 113, p. 20).

While Plaintiff did not specifically object to this portion of the Report, the Court reviews the portions of a Report and Recommendation to which no objection has been made for clear error. *Johnson v. Zema Systems Corp.,* 170 F.3d 734, 739 (7th Cir. 1999).

      In Count I, Plaintiff alleges that Kluge and Stephens failed to diagnose and treat his ongoing serious medical needs including pain in his kidneys, testicles, chest, and back on and after February 5, 2018 (Doc. 11, p. 7). In a grievance submitted the same day, Plaintiff complained that Kluge failed to treat his complaints of chest pain (Doc. 79-2, pp. 61-2). His September 23, 2018 grievance asserts that Kluge failed to honor a doctor's appointment related to his chest pain and an EKG (Doc. 79-2, p. 29) and discusses Plaintiff's chronic back pain and Defendant Stephens' failure to address it.

      These grievances were sufficient to not only exhaust Plaintiff's discrete claims in Count II and Count IV, but also his claims against Kluge for the ongoing failure to treat his chest pain and against Stephens for his ongoing failure to treat his back pain.[4] *See Turley v. Rednour*, 729 F.3d 645, 650 (7th Cir. 2013) (finding that a Plaintiff is not required to file additional grievances regarding an on-going lack of medical care). Thus, the undersigned finds clear error with respect to Judge Beatty's conclusion that Plaintiff failed to exhaust his claims asserted in Count I against Kluge and Stephens.

---

[4] The record contains no exhausted grievance with respect to Plaintiff's claim of inadequate medical care for his kidney or testicular pain.

## Conclusion

For the foregoing reasons, Magistrate Judge Beatty's Report and Recommendation (Doc. 113) is **ADOPTED in part and REJECTED in part**. The IDOC Defendants' Motion for Summary Judgment (Doc. 76) is **GRANTED in part and DENIED in part** and the Medical Defendants' Motion for Summary Judgment (Doc. 78) is **GRANTED**; Plaintiff's claims in Count I against Defendants David, Birch, Shields, and Baldwin, his claims in Count I regarding kidney and testicular pain, and his claims in Count II against Defendants Shields and Birch are **DISMISSED without prejudice** for failure to exhaust administrative remedies. Accordingly, Plaintiff may proceed on the following claims:

> **Count 1**: Eighth Amendment deliberate indifference claim against Kluge and Stephens for failing to diagnose and treat and/or providing inadequate treatment for Plaintiff's ongoing serious medical needs (pain in chest and back), and against Swalls, George, Vinyard, and White for failing to intervene on Plaintiff's behalf despite knowing that Plaintiff was not receiving necessary medical care for his ongoing serious medical needs.
>
> **Count 2**: Eighth Amendment deliberate indifference claim against Kluge for denying treatment for Plaintiff's chest pain on February 5, 2018.
>
> **Count 4**: Eighth Amendment deliberate indifference claim against Adams and Stephens for denying treatment for Plaintiff's back pain on September 23, 2018.

**IT IS SO ORDERED.**

**DATED: August 10, 2020**

*[signature]*

**STACI M. YANDLE**
**United States District Judge**