**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **JARED M. SMITH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 19-cv-260-SMY** |
| | ) | |
| **PENNY GEORGE, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Jared M. Smith, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this lawsuit pursuant to 42 U.S.C. § 1983 claiming his Eighth Amendment rights were violated while he was incarcerated at Vienna Correctional Center. On August 10, 2020, this Court adopted in part and rejected in part Magistrate Judge Mark A. Beatty's Report and Recommendation (Doc. 113). As a result, the Court granted in part and denied in part Defendants John Baldwin, Penny George, Leslie Kluge, John Adams, Tammy Stephens, Nigel Vinyard, Dave White, Matthew Swalls, and Bradley Shields' motion for summary judgment for failure to exhaust administrative remedies (Doc. 76) and granted Defendants Alfonso David and Kimberly Birch's motion for summary judgment for failure to exhaust administrative remedies (Doc. 78). Now pending before the Court is Plaintiff's Motion for Reconsideration (Doc. 120). For the following reasons, the Motion for Reconsideration is **DENIED**.

Rule 60(b) of the Federal Rules of Civil Procedure affords a party relief from judgment on bases including mistake or "any other reason justifying relief from the operation of judgment." Fed. R. Civ. P. 60(b). However, relief under Rule 60(b) is only granted in exceptional circumstances. *United States v. 8136 S. Dobson St., Chicago Ill*., 125 F.3d 1076, 1082 (7th Cir. 1997).

Here, Plaintiff argues the undersigned erred with respect to his objections to the Report as to Defendant Shields.  Specifically, Plaintiff states that in footnote 2 of the August 10, 2020 Memorandum and Order, the undersigned mistakenly found that he did not object to the Report's finding that he did not file a grievance against Shields related to the allegations in the Complaint (Doc. 115, p.4).  He argues that he did object the Report's finding that he did not exhaust his administrative remedies as to Shields' failure to intervene (Count I) and failure to provide adequate medical care (Count 2).  Plaintiff's argument misapprehends the undersigned's ruling and conflates two issues: whether he filed a grievance regarding Shields' conduct and whether he exhausted his administrative remedies as to Shields' conduct.

In objecting to the Report, Plaintiff argued that he was not required to file a grievance regarding Shield's conduct ("Because I didn't name defendants Shields [and others] . . . in an exhausted grievance should not preclude my claim from proceeding against them" (Doc. 114, p. 2, ¶ 6)).  He did not, however, argue that the Report erred in finding that he did not, in fact, file a grievance regarding Shields' conduct.  The undersigned considered Plaintiff's argument and found that while other Defendants were aware of Plaintiff's grievances and he was not required to file separate grievances regarding their conduct, he was required to file a grievance regarding Shields' conduct because Shields was not involved in the grievance process.  Therefore, Plaintiff was required to file an exhausted grievance against him pursuant to the Prison Litigation Reform Act prior to filing suit. 42 U.S.C. § 1997e(a).  Plaintiff has proffered no exceptional circumstances that warrant reconsideration of this conclusion.  Accordingly, Plaintiff's Motion to Reconsider is denied.

**IT IS SO ORDERED.**

**DATED: December 14, 2020**

**STACI M. YANDLE**
**United States District Judge**